**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MLR, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )    **No. 04 C 7044** |
| **v.** | ) |
| | )    **Judge John W. Darrah** |
| **KYOCERA WIRELESS CORPORATION;** | ) |
| **NOVATEL WIRELESS, INC.; and** | ) |
| **SIERRA WIRELESS, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, MLR, LLC, filed suit in the United States District Court for the Northern District of Illinois against Defendants, Kyocera Wireless Corporation ("Kyocera"), Novatel Wireless, Inc. ("Novatel"), and Sierra Wireless, Inc. ("Sierra"), alleging patent infringement. Kyocera and Novatel have moved to transfer venue to the United States District Court for the Southern District of California. Sierra was added as a Defendant after the filing of the instant Motion to Transfer Venue to the Southern District of California.

A reading of the Amended Complaint and subsequent pleadings in this case supports the following summary of the alleged conduct of the parties.

MLR is a Virginia limited liability company conducting business in Florida and Virginia. MLR is the owner of eleven patents at issue in this case. Both Kyocera and Novatel are Delaware corporations headquartered in San Diego, California. MLR alleges that Kyocera, Novatel, and Sierra infringed on its patents, causing damage to MLR. Both Kyocera and Novatel have customers throughout the world, including the Northern District of Illinois. Executives from MLR, Kyocera, and Novatel, as well as third parties, are expected to testify at trial.

Kyocera and Novatel seek to have the present case transferred to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §1404(a). In general, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). A transfer is proper if: (1) venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is in the interest of justice. *Law Bulletin Publishing Co. v. LRP Publications, Inc.,* 992 F.Supp. 1014, 1017 (N.D.Ill. 1998) (*Law Bulletin*). District courts have broad discretion to grant or deny motions to transfer, and the burden is on the moving party to establish that the transfer is warranted. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir. 1989).

Venue is proper in both the United States District Court for the Northern District of Illinois and the United States District Court for the Northern District of California. Defendants' products have been sold in Illinois and California; both Defendants operate their businesses in California. In a patent case, venue is proper in a district if that district can exercise personal jurisdiction over the defendant. *See VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1584 (Fed. Cir. 1990) (incorporating 28 U.S.C. §1391(c) into 28 U.S.C. §1400(b)).

When evaluating the relative convenience of the parties and witnesses, the court considers: (i) the plaintiff's initial forum choice, (ii) the convenience of the witnesses, (iii) the relative ease of access to other evidence, (iv) the situs of material events, and (v) the relative convenience of the parties in litigating in the respective forums. *Amoco Oil Co. v. Mobil Oil Corp.,* 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000) (*Amoco*); *Georgouses v. Natec Resources, Inc.,* 963 F. Supp. 728,730 (N.D. Ill. 1997) (*Georgouses*).

2

The plaintiff's initial choice of forum is usually afforded substantial deference, particularly when it is the plaintiff's home forum. *Kamel v. Hill-Rom Company, Inc.,* 108 F.3d 799, 802 (7th Cir. 1997). However, there are other factors to consider; and the weight given to the plaintiff's choice of forum can vary, depending on the circumstances of each individual case. *Georgouses,* 963 F. Supp. at 730; *Law Bulletin,* 992 F. Supp. at 1017. For example, where the plaintiff's choice of forum is not the situs of the material events, plaintiff's choice of forum is entitled less deference. *See Heller Fin., Inc. v. Riverdale Auto Parts, Inc.,* 713 F. Supp. 1125, 1129 (N.D. Ill. 1989).

In the instant case, MLR chose to bring suit in the Northern District of Illinois. It has filed a previous case in this district where its lawyers are conveniently located. *See MLR v. US Robotics,* Case No. 02 C 2898. However, the situs of material events – the alleged infringement of the patents – occurred in California, where Kyocera, Novatel, and Sierra all conduct their businesses. Since deference is granted to MLR's initial forum choice, this factor weighs in favor of denying Defendants' Motion to Transfer. However, because none of the parties reside in the Northern District of Illinois and the situs of material events took place outside of Illinois, deference to MLR's choice of forum is diminished.

The convenience of the witnesses who will testify at trial is also a factor to consider in determining an appropriate forum. *Law Bulletin,* 992 F. Supp. at 1018. However, the Defendants will not be granted a transfer merely by presenting a long list of witnesses and claiming their inconvenience in testifying in the challenged forum. *Law Bulletin,* 992 F. Supp. at 1018. Courts go beyond simply looking at the number of witnesses and weighing the quality and nature of their proposed testimony. *Law Bulletin,* 992 F. Supp. at 1018. Defendants are obligated to specify particular witnesses to be called and explain the nature of their testimony. *Heller,* 883 F.2d at 1293.

In order to overcome the deference to the plaintiff's forum choice on the issue of witness convenience, the defendant must show that the testimony of these particular witnesses is necessary to his case. *General Portland Cement Co. v. Perry*, 204 F.2d 316, 319 (7th Cir. 1953). As a practical matter, it is usually assumed that witnesses within the control of the parties will appear voluntarily. Therefore, more attention should be paid to the location of the non-party witnesses and those witnesses not within the control of the parties. *Spherion Corp. v. Cincinnati Financial Corp.*, 183 F. Supp. 2d 1052, 1058 (N.D. Ill. 2002) (*Spherion*).

Kyocera and Novatel's principal places of business are in California. The Defendants' principal witnesses on the patent infringement claim would be from Southern California. These witnesses are also high-level executives for Kyocera and Novatel, and their testimony is expected to be highly pertinent to the relevant issues. In their initial disclosures, Defendants have identified seventeen of their former and current employees who may have information to support their claims or defenses, as well as specific topics of which that each person is likely to have knowledge. Such topics range from marketing, product design, software, sales support, pricing, and engineering issues. In addition to these 17 individuals, 350 authors of prior art publication and patents have been identified who may have discoverable information on the sole topic of prior art. Of the approximately 350 individuals, 32 are located in Illinois, and 28 are located in California. The others are scattered throughout the world, including England, Japan, and New York. No indication has been made as to which of the 350 individuals will actually be called to testify in this case. All or none of the 32 individuals in Illinois may be called to testify. It may be impossible to be able to determine which of the 350 individuals will be called to testify until after discovery has been completed. In the absence of any indication of which of the 350 third-party individuals will actually

4

be called to testify, the convenience of the third-party witnesses cannot accurately be measured. However, the seventten individuals named by Defendants to testify on the various topics related to the claims presented in this case are all located in Southern California. The executives for Plaintiff, who will likely testify at trial, are already traveling from New York and Florida to litigate this matter and would be required to travel whether the forum for this case is Chicago or San Diego. Thus, this factor weighs in favor of granting the Defendants' motion.

Both parties have also documented hardships that its party's witnesses would endure if the venue remained in Illinois or moved to California. However, the hardships cited by MLR, which include an argument that it is more inconvenient to travel to San Diego than Chicago from Virginia and New York, are unpersuasive. San Diego is not so removed that it is unduly more burdensome to travel there instead of to Chicago. Further, Plaintiff and their attorneys have the ability to litigate in San Diego. Kyocera and Novatel, however, have provided detailed declarations about how defending a lawsuit in Chicago would be burdensome for the operation of their businesses. As such, this factor, on balance, weighs in favor of granting the Defendants' motion.

Regarding the ease of access to other evidence, most evidence for this litigation is likely to be found in Southern California, primarily at the Defendants' principal places of business. This situs of the material events of the instant case is in Southern California. While modern technology has now made it easier and less expensive to transfer information, this factor still weighs in favor of granting Defendants' motion.

The determination that a transfer is in the interest of justice focuses on the efficient administration of the court system, as opposed to the private considerations of the litigants. *Amoco*, 90 F. Supp. 2d at 961. This includes considering: (i) the relative familiarity of the courts with the

5

applicable law, (ii) the relation of the respective forums with the issue in the case, and (iii) the relative congestion of the court dockets. *Amoco*, 90 F. Supp.2d at 961; *Georgouses*, 963 F. Supp. at 730.

Both the Northern District of Illinois and the Southern District of California are familiar with the substantive law. Although Plaintiff argues that the Northern District of Illinois hears substantially more patent, trademark, and copyright cases than the Southern District of California, this does not mean that the Southern District of California would be unable to properly adjudicate the claims set forth in the Amended Complaint. Accordingly, this factor weighs neither in favor of nor against a transfer.

The Southern District of California may have more of an interest in providing a forum for this lawsuit because both of the Defendant corporations are headquartered in California. Although it may be argued that Defendants' products have been sold in Illinois, there is no indication that a disproportionately large amount of those products were sold in this state. Further, Plaintiff has no office or employees in Illinois. Aside from the litigation pursued in this district, Plaintiff appears to conduct no business activities in this state.

The relative congestion of the court dockets should also be considered when weighing a transfer. In 2004, the Southern District of California had 612 filings per judge. In the same year, the Northern District of Illinois had 481 filings per judge. However, the average number of pending cases before each judge in the Southern District of California was 270 while the average number of pending cases before each judge in the Northern District of Illinois was 350 in 2004. Thus, while the Southern District of California has more filings per judge than in the Northen District of Illinois, the actual number of cases pending before each judge is less in the Southern District of California.

Although Plaintiff argues that cases take longer from filing to trial in the Southern District of California than in the Northern District of Illinois, the difference cited is negligible. Thus, the relative congestion of the two court dockets weighs neither in favor nor against a transfer.

In sum, the above factors – notably, the situs of material events, convenience of the witnesses, and location of other evidence – weigh in favor of granting Defendants' Motion to Transfer Venue to the Southern District of California. Kyocera and Novatel's Motion for Transfer to the Southern District of California is granted.

Date: April 6, 2005

JOHN W. DARRAH
United States District Judge